HEARD APRIL TERM, 1871.

## McNeel *vs.* Smarr.

Action on a sealed note, dated in the fall of 1865, the consideration of which was another sealed note, given in 1863, payable in dollars. No other evidence was given, or offered, and the Judge charged that the note sued on was payable in United States currency. *Held,* correct.

BEFORE THOMAS, J., AT YORK, MARCH TERM, 1870.

The whole case, as stated in the brief, was this:

The action was upon a sealed note, dated in the fall of 1865, the consideration of which was another sealed note for five hundred dollars, given the 11th February, 1863.

His Honor charged the jury that he regarded the note of 1865 as a different contract from that of 1863, the one being payable in Confederate money, and the other in United States currency.

The defendant appealed, on the grounds:

First. Because his Honor erred in charging the jury, that the note sued on, although proved to have been given as a renewal of a note given for loaned Confederate States notes, bearing date the 11th of February, 1863, was a new contract, entered into after the war, and not subject to the provisions of the Act of 1869, to determine the value of contracts made in Confederate States notes, or their equivalent.

Second. Because the renewal of a note is not a new contract, but a recognition of the former contract.

*Smith*, for appellant.

Dec. 13, 1871. The opinion of the Court was delivered by

WILLARD, A. J. The ruling of the Circuit Court involves the proposition, advanced as one of law purely, that when a note, given while Confederate money was the generally accepted standard of commercial values, was renewed after the restoration of the legal currency of the United States as the basis of commercial dealing, the maker of the note will not be permitted, as against the payee, to offer proof, tending to show that, according to the actual intent and understanding of the parties, the obligation is to be measured by the value of Confederate currency.

In *Neely* vs. *McFadden*, 2 S. C., 169, we held that although the words " dollars " and " lawful money " were used in a contract, still, it was competent to enquire, as a question of fact, into the intent and understanding of the parties in the use of such terms. We there laid down some of the principles that should govern an inquiry of that nature.

Had the defendant offered testimony tending to show that the parties used the term " dollars " in a mistaken sense, mutually adopted, or in a sense dictated by the common understanding and usage of the community in which they resided and dealt, it would not have been competent, under the rulings in *Neely* vs. *McFadden*, for the Circuit Court to have rejected such testimony. So, had proof of that character been introduced, the ruling brought before us would have to be regarded as, in effect, destroying the value of such testimony, and would be held erroneous.

But it does not appear that any other evidence was introduced tending to show that the parties intended something different from the legal import of the term " dollars," than the fact that the only consideration of the note sued upon was a previous note, made in 1863.

Had the original note been sued upon, the plaintiff would have been entitled to recover the full nominal value of that note in United States currency, unless something more was shown than the date of the note. This was distinctly held in *Neely* vs. *McFadden*.

Although the Circuit Court clearly misconceived the operation of the Act " to determine the value of contracts made in Confederate

States notes or their equivalent," (14 Stat., 277,) still there was no error in the charge that the note in question was not subject to the provisions of that Act, for, as we are bound to assume from the case as it stands before us, no evidence was offered sufficient to show that the parties contracted in reference to Confederate values. By the terms of the Act, the statute did not extend to the case.—*Neely* vs. *McFadden.* For the same reason, the request to charge was irrelevant to the case. Had the original note been sued upon, as has been stated, the evidence before the Court would have entitled the plaintiff to recover the full value of that note in United States currency. It was, therefore, of no importance to the defendant to connect the renewed note with the original note as part and parcel of the same transaction and obligation.

The appeal must be dismissed.

*Wright,* A. J., concurred.

*Moses,* C. J., absent at the hearing.